IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| Marcus Coleman, | Case No. 3:13 CV 315 |
| Plaintiff, | MEMORANDUM OPINION AND ORDER |
| -vs- | JUDGE JACK ZOUHARY |
| Kurt D. Beidelschies, et al., | |
| Defendants. | |

### BACKGROUND

*Pro se* Plaintiff Marcus Coleman filed this *in forma pauperis* 42 U.S.C. § 1983 action against Defendants Ohio State Trooper Kurt Beidelschies, the State of Ohio, and Hancock County (Doc. 1). He alleges in general terms that Beidelschies singled him out and stopped him on Interstate 75 on the basis of Plaintiff's race. Plaintiff further alleges generally that the State of Ohio and Hancock County allow racial profiling and racial discrimination. As a result of the stop and apparent search of his vehicle, Plaintiff was prosecuted and convicted in the Hancock County Court of Common Pleas, pursuant to a no contest plea, of aggravated possession of drugs. *State v. Coleman*, Hancock Cty. Com. Pls. No. 2013 CR 54, http://pa.co.hancock.oh.us/pa/pa.urd/pamw2000.o_case_sum?12789532. He seeks monetary relief based on his consequent inability to work and provide for his family, and for mental anguish and damage to his health.

For the reasons set forth below, pursuant to 28 U.S.C. § 1915(e), Plaintiff's Complaint (Doc. 1) is dismissed.

## STANDARD OF REVIEW

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam), the district court is required to dismiss an action *in forma pauperis* under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *See Neitzke v. Williams*, 490 U.S. 319 (1989); *Hill v. Lappin*, 630 F.3d 468, 470 (6th Cir. 2010).

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). The factual allegations in the pleading must be sufficient to raise the claim for relief above the speculative level on the assumption that all the allegations in the complaint are true. *Twombly*, 550 U.S. at 555. Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.*

## LAW AND ANALYSIS

Construing the Complaint liberally, it appears Plaintiff seeks to assert a Fourth Amendment claim that Beidelschies lacked probable cause to stop him and search his vehicle. The Fourth Amendment establishes "the right of the people to be secure in their persons, houses, papers and

effects, against unreasonable searches and seizures" performed by the government. This protection extends to investigatory stops of vehicles. *Terry v. Ohio*, 392 U.S. 1, 9 (1968). An officer complies with the Fourth Amendment if there is reasonable suspicion to believe criminal activity "may be afoot." *United States v. Arvizu*, 534 U.S. 266, 173 (2002). Reasonable suspicion is determined by looking at the totality of the circumstances of each case to see whether the officer has a particularized and objective basis for suspecting legal wrongdoing. *United States v. Cortez*, 449 U.S. 411, 416–18 (1981).

Plaintiff cannot file a Section 1983 civil rights action based on the asserted violation of his Fourth Amendment rights in order to collaterally attack his conviction. In *Heck v. Humphrey*, 512 U.S. 477, 486 (1994), the Supreme Court held that a prisoner may not raise claims in a Section 1983 action if a judgment on the merits of those claims would affect the validity of his conviction and sentence, unless the conviction or sentence had been set aside. Applying this general rule, the Court observed that a Section 1983 plaintiff may bring an action for damages resulting from an unreasonable search or seizure without first having the conviction set aside, *id.* at n. 7, but noted that a determination that a search was unlawful would not necessarily always imply the invalidity of the conviction. *Id.* To recover in such an action, a plaintiff must show an actual compensable injury distinct from being convicted and imprisoned. *Id.*

The Sixth Circuit has applied *Heck* to Section 1983 claims based on allegedly unreasonable searches and seizures. *See, e.g.*, *Schilling v. White*, 58 F.3d 1081, 1087 (6th Cir. 1995) (finding that a close reading of *Heck* "plainly refutes the argument that Fourth Amendment claims are exempted from the requirement that a conviction must be set aside as a precondition for this type of Section 1983 suit"); *see also Bell v. Raby*, 2000 WL 356354, at *6 (6th Cir. 2000).

There is no suggestion in the Complaint that Plaintiff's conviction has been overturned or otherwise set aside, and his allegations directly call into question the validity of that conviction. Plaintiff can only succeed on his damages claim if his conviction is found to be unlawful based on a lack of probable cause to stop him and search his vehicle.

In light of the foregoing, this Court finds Plaintiff may not assert the claims set forth in his Complaint under Section 1983, as they directly implicate the validity of his conviction and sentence.

Plaintiff's Motion to Proceed *In Forma Pauperis* (Doc. 2) is granted, and Plaintiff's Complaint (Doc. 1) is dismissed without prejudice. Further, this Court certifies, pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

                                                                                s/ *Jack Zouhary*
                                                               JACK ZOUHARY
                                                               U. S. DISTRICT JUDGE

August 30, 2013